Larry D. MITCHELL, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1003–CR–340.

Court of Appeals of Indiana.

April 6, 2011.

Rehearing Denied June 3, 2011.

Larry D. Mitchell, Pendleton, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez, II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Larry D. Mitchell appeals the denial of his petition for post-conviction relief. Mitchell was convicted following a jury trial of felony murder, robbery, and related offenses. His convictions and sentence were affirmed on direct appeal. He seeks post-conviction relief raising several claims of ineffective assistance by trial and appellate counsel. However, Mitchell failed to offer the original trial transcript into evidence at his post-conviction hearing, and despite our newly-amended Evidence Rule 201(b)(5) allowing judicial notice of state court records, he did not ask the post-conviction court to take judicial notice of the original trial transcript. He also did not introduce any other documentary evidence or witness testimony. We conclude that the post-conviction court did not err in finding that Mitchell failed to sustain his burden of proof on his ineffective assistance claims. We affirm.

### Facts and Procedural History

The underlying facts as reported on direct appeal are as follows:

On October 5, 2001, Larry Mitchell, Brian K. Baxter, and Terrance L. Thomas broke into the residence of Latanya Ashmore in order to rob Edward Green. During the course of the robbery, Latanya's brother Anthony Ashmore saw three men in the apartment. During the robbery, Anthony Ashmore heard Green say: "You've already shot me," and "I already gave you everything," and then saw Green struggle with Thomas before Thomas fatally shot him in the head. Ashmore then saw Thomas shoot and kill Edward Gilbert, Green's cousin. Thomas then began shooting at Ashmore and Antonio McGregor. McGregor was killed, and Ashmore suffered wounds to his face and shoulder. Although Ashmore never identified Mitchell, he did identify Baxter and Thomas.

Early the next morning police apprehended Baxter and Thomas after pursuing them for an unrelated vehicle theft. Police found in their possession a white bag containing what later turned out to be the handguns used in the robbery. During questioning, both Thomas and Baxter identified Mitchell as the third participant in the robbery and indicated that he too had shot Green, although not fatally. On October 10, 2001, the State charged Baxter, Thomas, and Mitchell for their involvement in the robbery and murders. The information specified nine counts against Mitchell, including both murder and felony murder counts for the killing of Green, Gilbert, and

McGregor; the attempted murder of Ashmore; conspiracy to commit robbery; robbery; possession of a handgun as a serious violent felon; and carrying a handgun without a license. The State later sought enhancement of the carrying without a license charge, based on a prior felony, and asked that Mitchell be sentenced as a habitual offender.

Following a trial in October 2003, a jury found Mitchell guilty on three counts of felony murder, the count of attempted murder, the count of robbery, and the count of carrying a handgun without a license. It acquitted him on conspiracy to commit robbery. Mitchell stipulated to the enhancement on the charge for carrying the handgun without a license, and the State dismissed the charge for the possession of a handgun as a serious violent felon and the habitual offender enhancement.

In imposing sentence, the trial judge found no mitigating circumstances. The court found the existence of three aggravators: 1) Mitchell's criminal history; 2) that he was on probation at the time of the offense; and 3) the nature and circumstances of the crime. It sentenced Mitchell to sixty-five years on each of the three felony murder counts, fifty years on the attempted murder, twenty years on the robbery, and eight years on the carrying a handgun without a license. The court ordered consecutive sentences for one of the murders, the robbery, and the handgun charge, for a total executed sentence of ninety-three years. The other sentences were concurrent.

*Mitchell v. State,* 844 N.E.2d 88, 89–91 (Ind.2006) (record citations omitted).

Mitchell appealed, challenging the propriety of a jury instruction, the admission of certain testimony, the sufficiency of the evidence, and the validity of his sentence.

*Mitchell v. State,* 821 N.E.2d 390, 394–99 (Ind.Ct.App.2004). This Court found no meritorious claims and affirmed. *Id.* at 399. The Supreme Court granted transfer to readdress Mitchell's sentencing issue, but it affirmed his sentence and summarily affirmed the remainder of our opinion. *Mitchell,* 844 N.E.2d at 89, 90 n. 2.

Mitchell next sought post-conviction relief alleging ineffective assistance of trial and appellate counsel. Mitchell filed his amended petition for post-conviction relief on September 9, 2009. Mitchell claimed that trial counsel rendered ineffective assistance by failing to seek a mistrial following introduction of allegedly improper testimony and that appellate counsel failed to raise claims of double jeopardy, prosecutorial misconduct, and ineffective assistance of trial counsel on direct appeal.

The post-conviction court convened a hearing on October 20. Mitchell testified in support of his ineffective assistance claims but did not offer the original trial record into evidence. Nor did he call witnesses or introduce any other documentary evidence. He did not ask the trial court to take judicial notice of the record, nor did the trial court at any time take judicial notice of the record on its own motion. The post-conviction court adjourned the hearing and requested submission of proposed findings of fact and conclusions of law by December 18.

On December 14, Mitchell moved to withdraw his petition without prejudice. Mitchell claimed he would be unable to submit his proposed findings of fact and conclusions of law in a timely manner. The post-conviction court denied the motion. The court noted that "evidence and argument has been presented" and "withdrawal without prejudice is not appropriate." However, the court later reset Mitchell's deadline for submitting proposed findings to March 31, 2010.

On February 8, 2010, the post-conviction court issued findings of fact and conclusions of law denying relief. The court concluded in substantial part that, "[l]acking a record to evaluate Defendant's claims, it is impossible to say that he has met his burden of proving that he was subjected to error and prejudiced by the alleged failures of his trial and appellate counsel." Mitchell now appeals.

### Discussion and Decision

Mitchell claims that the post-conviction court erred by (I) denying his motion to withdraw his post-conviction petition, (II) finding no ineffective assistance of trial or appellate counsel, and (III) issuing its judgment before Mitchell's deadline for filing proposed findings of fact and conclusions of law.

### I. Motion to Withdraw

Mitchell first argues that the post-conviction court erred by denying his motion to withdraw his petition for post-conviction relief.

■ Indiana Post–Conviction Rule 1(4)(c) provides that "[a]t any time prior to entry of judgment the court may grant leave to withdraw the petition." Rule 1(4)(c) does not confer an absolute right to withdraw a petition for post-conviction relief. *Tinker v. State*, 805 N.E.2d 1284, 1290 (Ind.Ct.App.2004), *trans. denied.* The post-conviction court enjoys discretion in permitting or denying withdrawal, and we review the court's decision for an abuse of discretion. *Tapia v. State*, 753 N.E.2d 581, 584–86 (Ind.2001). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 585. "While prejudice to the non-moving party is one indicia of an abuse of discretion, it is not a proxy for the post-conviction court's dis-

cretion in the face of plain language in the Rule to the contrary." *Id.* at 585–86.

■ We conclude that the post-conviction court acted within its discretion by denying Mitchell's motion to withdraw. The asserted basis of Mitchell's motion was only that he required more time to prepare his proposed findings of fact and conclusions of law. Presented with these grounds alone, the post-conviction court was warranted in refusing withdrawal. We therefore cannot say the court erred in denying Mitchell's motion.

### II. Ineffective Assistance Claims

Mitchell next argues that the post-conviction court erred in finding no ineffective assistance by trial or appellate counsel.

In post-conviction proceedings, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Ben–Yisrayl v. State*, 729 N.E.2d 102, 105–06 (Ind.2000), *reh'g denied.*

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French v. State*, 778 N.E.2d 816, 824 (Ind.2002). To show prejudice, the petitioner must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind.2001).

The standard of review for a claim of ineffective assistance of appellate counsel is the same as for trial counsel. *Reed v. State,* 856 N.E.2d 1189, 1195 (Ind.2006). There are three ways in which appellate counsel may be considered ineffective: (1) when counsel's actions deny the defendant his right of appeal; (2) when counsel fails to raise issues that should have been raised on appeal; and (3) when counsel fails to present claims adequately and effectively such that the defendant is in essentially the same position after appeal as he would be had counsel waived the issue. *Grinstead v. State,* 845 N.E.2d 1027, 1037 (Ind.2006). To establish deficient performance for failing to raise an issue, the petitioner must show that the unraised issue was "clearly stronger" than the issues that were raised. *Bieghler v. State,* 690 N.E.2d 188, 194 (Ind.1997).

Whether a defendant received ineffective assistance of counsel is a fact-sensitive determination requiring review of the original trial record. *See Taylor v. State,* 882 N.E.2d 777, 782 (Ind.Ct.App.2008). "It is practically impossible to gauge the performance of trial counsel without the trial record, as we have no way of knowing what questions counsel asked, what objections he leveled, or what arguments he presented." *Tapia v. State,* 753 N.E.2d 581, 587 n. 10 (Ind.2001); *see also Helton v. State,* 907 N.E.2d 1020, 1024 (Ind.2009).

Our courts have thus stressed that the original trial transcript must be entered into evidence at the post-conviction hearing just like any other exhibit. *See State v. Hicks,* 525 N.E.2d 316, 317 (Ind.1988).

Indiana courts have also maintained, at least until now, that "[a] post-conviction court may not take judicial notice of the transcript of the evidence from the original proceedings unless exceptional circumstances exist." *Bahm v. State,* 789 N.E.2d 50, 58 (Ind.Ct.App.2003), *trans. denied;*

*see also Jackson v. State,* 264 Ind. 54, 57, 339 N.E.2d 557, 560 (1975); *Douglas v. State,* 800 N.E.2d 599, 605 n. 4 (Ind.Ct. App.2003), *reh'g denied, trans. denied.* This prohibition derived from the traditional rule that a trial court could not judicially notice its own records in another case previously before the court, even on a related subject and with related parties. *See Bonds v. State,* 729 N.E.2d 1002, 1006 (Ind.2000), *reh'g denied.* "Although ... it is common practice to keep post-conviction proceedings filed under the same cause number as the original action, post-conviction proceedings are separate from the original proceedings and are civil in nature. Therefore, under the general rule, the post-conviction court may not take judicial notice of the original proceedings absent an exceptional situation." *Moser v. State,* 562 N.E.2d 1318, 1321 (Ind.Ct.App. 1990).

That appears no longer to be the case, however, as an amendment to our evidence rules effective January 1, 2010, now permits judicial notice of "records of a court of this state." Ind. Evidence Rule 201(b)(5); *Graham v. State,* 941 N.E.2d 1091, 1097 n. 2 (Ind.Ct.App.2011). We recently interpreted this amendment to abrogate the traditional limitation and allow courts to judicially notice records beyond those in the cases before them. *In re Paternity of P.R.,* 940 N.E.2d 346, 349 (Ind.Ct.App.2010) (court properly took notice of protective order in custody modification proceeding); *see also Christie v. State,* 939 N.E.2d 691, 693 (Ind.Ct.App. 2011) (court properly took notice of conviction in probation revocation hearing).

Accordingly, we understand amended Evidence Rule 201(b)(5) to allow a post-conviction court to judicially notice the transcript of the evidence from the petitioner's underlying criminal proceedings to appraise counsel's performance and evaluate claims of ineffective assistance. *See*

*also* 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5106.4 (2d ed.2005) (judicial records may be properly noticed "to show the acts of the parties or other actors in the litigation").

At any rate, Mitchell did not offer his trial record into evidence at the post-conviction relief hearing, he did not ask the post-conviction court to take judicial notice of the record at any time before the court's February 8, 2010, order, and the court did not judicially notice the record *sua sponte.* The trial record therefore was never before the post-conviction court for consideration. Nor did Mitchell call any witnesses or introduce any other evidence during the post-conviction proceedings. Mitchell's claims were that trial counsel was ineffective for failing to seek a mistrial following introduction of allegedly improper testimony and that appellate counsel failed to raise claims of double jeopardy, prosecutorial misconduct, and ineffective assistance of trial counsel. These were fact-sensitive allegations requiring examination of the trial record for purposes of assessing deficient performance and prejudice. For the foregoing reasons, we cannot say the post-conviction court erred in finding that Mitchell failed to meet his burden of proof on his ineffective assistance claims. *See also Tapia,* 753 N.E.2d at 588 ("The total absence of evidence on any of Tapia's claims of ineffective assistance of counsel supports the post-conviction court's conclusion that Tapia did not meet his burden of proof.").

### III. Inability to Submit Proposed Findings

Mitchell further argues that the post-conviction court erred by issuing its judgment denying relief before Mitchell's deadline for submitting proposed findings of fact and conclusions of law.

Indiana Post–Conviction Rule 1(6) provides that the post-conviction court "shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." And "[i]n any case where special findings of facts and conclusions thereon are to be made the court shall allow and may require the attorneys of the parties to submit to the court a draft of findings of facts and conclusions thereon which they propose or suggest that the court make in such a case." Ind. Trial Rule 52(C).

Nonetheless, Trial Rule 61 provides that "no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground ... for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

We conclude that any error in the post-conviction court's early entry of judgment was harmless. As determined above, Mitchell failed to carry the burden of proof on his ineffective assistance claims by neglecting to introduce the original trial record or any other materials into evidence during the post-conviction proceedings. So even if Mitchell submitted his proposed findings of fact and conclusions of law before the post-conviction court rendered judgment, we can say with confidence that the court would not have adopted a judgment in Mitchell's favor and would still have issued its order denying relief.

Affirmed.

BAKER, J., and BARNES, J., concur.