Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Schererville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 28 2013, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LARRY COLLINS, JR.,                  )
                                     )
    Appellant-Petitioner,          )
                                     )
        vs.                      )          No. 71A05-1206-PC-319
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Respondent.           )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R. W. Chamblee, Jr., Judge
Cause No. 71D08-1104-PC-19

**February 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Larry Collins, Jr. ("Collins") appeals from the denial of his petition for post-conviction relief contending that his post-conviction relief counsel was ineffective.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In 1997, the State charged Collins with one count of dealing in cocaine as a Class A felony, one count of possession of cocaine as a Class C felony, and one count of possession of marijuana as a Class A misdemeanor. At the time, Collins was represented by Timothy McLaughlin ("McLaughlin"), privately-retained counsel. At the conclusion of Collins's jury trial, he was convicted of the misdemeanor marijuana charge, but the jury hung on the remaining felony charges. Two days later McLaughlin withdrew from his representation of Collins because Collins could not afford to retain counsel for a second trial.

Charles Walton, Jr. ("Walton") was appointed to represent Collins. Walton filed his appearance, a motion for discovery, and a motion to correct error on behalf of Collins. He also attended a pre-trial conference in the matter. On the morning of the hearing on Walton's motion to correct error, McLaughlin appeared in court and signed a plea agreement on behalf of Collins even though he had not filed a formal appearance with the trial court. Collins was in attendance at the hearing. The motion to correct error was withdrawn.

Pursuant to the plea agreement, Collins agreed to plead guilty to an amended charge of dealing in cocaine as a Class B felony and receive a set sentence of eleven years executed. The State agreed to dismiss the original felony charges. The plea

2

agreement was submitted to the trial court for consideration. At the hearing, Collins stated among other things that he was pleased with McLaughlin's representation and was pleading guilty voluntarily.

In April of 2011, Collins, who, at that time, was represented by attorney John Maksimovich ("Maksimovich") filed a petition for post-conviction relief. The petition made the following allegations: 1) that Walton rendered ineffective assistance of counsel by failing to do any work on behalf of Collins and by failing to appear at the change of plea hearing; 2) that McLaughlin rendered ineffective assistance of counsel by coercing Collins into pleading guilty because he was improperly motivated by his own financial interest; and 3) that the State interfered with Walton's relationship with Collins by negotiating a plea agreement with McLaughlin. Collins swore under oath to those allegations set forth in the petition.

Maksimovich appeared on behalf of Collins at the hearing on Collins's petition and relied on Collins's sworn statements in the petition and exhibits which had been attached to the petition as the only evidence in support of the claims. The post-conviction court cautioned Maksimovich that he was testifying when counsel attempted to set forth the chain of events. The post-conviction court asked Maksimovich what evidence he wished to present in support of the petition, and Maksimovich confirmed that he did not intend to call either Walton or McLaughlin as witnesses. Maksimovich further stated that he did not wish to tender the transcript of the guilty plea hearing, because after reviewing it, Maksimovich came to the conclusion that the trial court had asked all of the proper questions and that Collins had given all of the proper answers, including his statements

3

that he was pleased with McLaughlin's representation of him and that he was pleading guilty voluntarily.

After responding to the post-conviction court's inquiries about the evidence that was not going to be offered in support of Collins's claims, Maksimovich informed the post-conviction court what he had presented was "all of the argument that I can and will make." *Tr*. at 24. The post-conviction court summarized Maksimovich's position as follows:

> So you're simply making a motion for judgment on the pleading. You don't plan on presenting any – any evidence surrounding any of the allegations made in the petition.

*Id*. at 12.

> The trial court ruled as follows at the conclusion of the hearing:

> Under all of the circumstances here, Mr. Maksimovich, I'm going to make a finding that Mr. Collins has failed to provide or present sufficient probative evidence to support his petition for post-conviction relief. That's the single finding that will be in the petition. And I think I always—it will also have language that I will incorporate into the order, the comments, thoughts and findings I may have made during the course of this hearing as if completely set out in the order, which would then result in a denial of Mr. Collins'[s] petition for post-conviction relief.

*Id*. at 25. The trial court's statement denying Collins's petition for post-conviction relief was reduced to a written order reflecting the same. Collins now appeals.

## DISCUSSION AND DECISION

Because Collins appeals from the trial court's denial of his petition for post-conviction relief, he appeals from a negative judgment. *See Fisher v. State*, 878 N.E.2d 457, 463 (Ind. Ct. App. 2007), *trans. denied* (appeal from denial of post-conviction relief

4

is appeal from negative judgment). A petition must establish that the evidence as a whole unmistakably and unerringly leads to a conclusion contrary to that of the post-conviction court. *Id.* Upon review, we will disturb a post-conviction court's decision as being contrary to law only where we find that the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans. denied.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied.* On review, we accept the post-conviction court's findings of fact unless they are clearly erroneous, and no deference is given to its conclusions of law. *Fisher*, 878 N.E.2d at 463.

Post-conviction proceedings do not afford a petitioner for post-conviction relief the opportunity for a super appeal, but instead, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied*, 534 U.S. 1164 (2002); *Wieland v. State*, 848 N.E.2d 679, 681 (Ind. Ct. App. 2007), *trans. denied, cert. denied*, 549 U.S. 1038 (2006). Post-conviction proceedings do not substitute for a direct appeal and provide only a narrow remedy for subsequent collateral challenges to convictions. *Ben-Yisrayl*, 738 N.E.2d at 258. The petition for post-conviction relief bears the burden of proving the grounds raised by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

The procedural posture of Collins's appeal is unique in that he has initiated a direct appeal from the denial of his petition for post-conviction relief alleging the ineffective assistance of post-conviction relief counsel. Thus, the evidence we have before us is the transcript from the hearing on Collins's petition for post-conviction relief, the petition with accompanying exhibits, and the legal memorandum prepared by Maksimovich on Collins's behalf. We have no testimony from Maksimovich as to his efforts to present Collins's pursuit of post-conviction relief. However, it appears that such a direct appeal from the denial of post-conviction relief contending ineffective assistance of post-conviction relief counsel is not improper.

In *Bahm v. State*, 789 N.E.2d 50 (Ind. Ct. App. 2003) (superseded by rule on other grounds as stated in *Mitchell v. State*, 946 N.E.2d 640 (Ind. Ct. App. 2011) (pcr court may take judicial notice of transcript of evidence from original proceedings)), a direct appeal from the denial of post-conviction relief, the petitioner claimed that he had received ineffective assistance of post-conviction relief counsel. The State contended that the particular allegation could not be raised as an issue in an appeal from the denial of a petition for post-conviction relief and was waived because the argument could not be raised for the first time on appeal. *Id.* at 60 n.10. A panel of this court declined to find that the issue was waived on the basis that it was not first raised in the petition for post-conviction relief because it would require the petitioner to allege the ineffective assistance of counsel who had not yet provided representation. *Id.* Relying on the rationale that direct appeal counsel may present the argument that trial counsel provided

6

ineffective assistance, we found no reason to draw a distinction between the two types of proceedings and decided the issue on its merits. *Id*.

Neither the Sixth Amendment to the United States Constitution nor Article 1, § 13 of the Indiana Constitution guarantee the right to counsel in post-conviction proceedings. *Daniels v. State*, 741 N.E.2d 1177, 1190 (Ind. 2001). Instead, we conduct our review of post-conviction counsel's performance under the "highly deferential standard" announced in *Baum v. State*, 533 N.E.2d 1200 (Ind. 1989). *Id*. Our Supreme Court stated as follows in *Baum*:

> A petition for post-conviction relief is not generally regarded as a criminal proceeding and does not call for a public trial within the meaning of these constitutional provisions. It thus is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level.
>
> We therefore apply a lesser standard responsive more to the due course of law or due process of law principles which are at the heart of the civil post-conviction remedy. We adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland* . . . .

533 N.E.2d at 1201. That said, in subsequent cases we have chosen to decide the issue "upon the supposition that in some degree a post-conviction petitioner is entitled to advice and assistance of counsel in a post-conviction proceeding, whether that entitlement is conferred by constitution or otherwise." *Evans v. State*, 809 N.E.2d 338, 342 (Ind. Ct. App. 2004).

In appeals since the standard of review was announced in *Baum*, the issue of what constitutes a procedurally fair setting has been explored. In *Waters v. State*, 574 N.E.2d

911, 912 (Ind. 1991), our Supreme Court examined the situation where the trial court had issued an order requiring all evidence in support of the petition for post-conviction relief be tendered by affidavit only. Post-conviction counsel, who had entered an appearance in the matter, did not tender any affidavits in support of the petition, and failed to correct those affidavits tendered by the petitioner, *pro se*, which were technically inadequate. The Supreme Court held that post-conviction relief counsel had in essence abandoned his client thus depriving the petitioner of a fair hearing. *Id*.

In *Graves v. State*, 823 N.E.2d 1193 (Ind. 2005), the Supreme Court examined the representation provided by post-conviction counsel, which consisted of appearing at the post-conviction hearing, examining the petitioner, and tendering relevant affidavits. Although not achieving the relief sought, such conduct was held not to constitute an abandonment of his client such that the petitioner was deprived of a fair hearing. *Graves*, 823 N.E.2d at 1197. Likewise, in *Matheney v. State*, 834 N.E.2d 658, 663 (Ind. 2005), post-conviction counsel's presentation of claims that were more likely to prevail, rather than arguing other less viable claims, did not amount to an abandonment of the petitioner such that he was deprived of a fair hearing. However, reversal and remand was warranted in appeals where post-conviction counsel appeared at the hearing, but presented no evidence in support of the petitioner's claims. *See e.g. Taylor v. State*, 882 N.E.2d 777, 784 (Ind. Ct. App. 2008) (counsel appeared at hearing and argued only that co-defendant's appellate decision warranted relief without calling witnesses, presenting affidavits, or submitting record); *Bahm v. State*, 789 N.E.2d 50, 51 (Ind. Ct. App. 2003), *clarified on reh'g on other grounds*, 794 N.E.2d 444 (Ind. Ct. App. 2003), *trans. denied*

8

(counsel appeared at hearing and made legal argument but presented no evidence, called no witnesses, submitted no affidavits, and did not submit direct appeal record).

Collins argues that Maksimovich's representation of his claims was more akin to that requiring a reversal and remand as in *Taylor* and *Bahm*. Based upon our standard of review of this appeal from a negative judgment, we disagree. A review of the transcript of the hearing on Collins's petition for post-conviction relief reflects that Collins received the representation to which he was due.

Maksimovich filed a petition for post-conviction relief on behalf of Collins including an addendum setting forth the facts alleged by Collins with respect to his claims. Further, Collins swore to the contents of and addendum to his petition under oath. Allegations contained in a petition for post-conviction relief when made subject to the penalties for perjury and signed by the petitioner under oath can constitute the equivalent of an affidavit, and as such can be considered as evidence. *State v. Cleland*, 477 N.E.2d 537, 538 (Ind. 1985). Our Supreme Court held that "absent a timely objection by the State and under the circumstances of this case, the court could properly consider them as evidence." *Id*. The limiting language used there was later observed by the Supreme Court in *State v. Sanders*, 596 N.E.2d 225, 227 (Ind. 1992) (if introduced for limited purpose, verified pleading may not constitute evidence of alleged facts). Here, there was no objection by the State, and Maksimovich did not rest on the pleadings in presenting Collins's claim.

Exhibits such as the chronological case summary, Walton's motions, and the plea agreement, were attached to the petition. Maksimovich explained on the record that he

had reviewed the guilty plea hearing transcript and chose not to tender it as evidence in the hearing because it did not support Collins's claims regarding Walton's alleged abandonment of him, McLaughlin's alleged coercion, and the State's alleged interference in his attorney-client relationship. He also filed a written memorandum of law in support of Collins's petition. Once it was determined that due to technological difficulties Collins would not be able to appear by video at the hearing, when asked by the post-conviction court if he wished to submit an affidavit from Collins, Maksimovich stated that "[i]t would be identical to what's in his petition for post-conviction relief." *Tr.* at 18.

The evidence as a whole, although sparse, does not unmistakably and unerringly lead us to a conclusion contrary to that of the post-conviction court. Collins did not present sufficient probative evidence to support the claims in his petition for post-conviction relief. Further, the record reflects that Maksimovich did not abandon his client, and Collins received a procedurally fair hearing.

Affirmed.

MATHIAS, J., and CRONE, J., concur.