## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2020, 7:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Benny R. Knight, Jr.
Miami Correctional Facility
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benny R. Knight, Jr. | March 10, 2020 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 18A-PC-3006 |
| v. | Appeal from the Shelby Superior Court |
| State of Indiana, | The Honorable R. Kent Apsley, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 73D01-1804-PC-4 |

**Crone, Judge.**

# Case Summary

Benny R. Knight, Jr., pled guilty by plea agreement to level 2 felony dealing in methamphetamine and received an advisory sentence per the plea agreement. He filed a pro se petition for post-conviction relief ("PCR"), raising several claims of ineffective assistance of counsel. The post-conviction court denied his petition, and he now appeals. Finding that he has failed to demonstrate clear error, we affirm.

# Facts and Procedural History[1]

The underlying facts are as follows. On March 7, 2017, Indiana State Police Trooper William Gannon and a canine unit conducted a traffic stop on a speeding vehicle heading eastbound from Indianapolis to Shelby County. The driver, Cecil Fox, was personally known to police and did not have a valid license. Knight was riding in the passenger's seat. The police dog sniffed the perimeter of Fox's vehicle and alerted the troopers to the presence of narcotics. The troopers searched the vehicle and discovered a baggie between the passenger's seat and the passenger's door. The baggie contained a crystal rock-like substance that field-tested positive for methamphetamine.

---

[1] Knight's brief does not conform to the Indiana Appellate Rules in several respects. For example, his statement of facts simply reiterates the procedural history of his case and does not include a recitation of the underlying facts as required by Indiana Appellate Rule 46(A)(6). He also has failed to include a summary of the argument as required by Indiana Appellate Rule 46(A)(7). Additionally, his amended appendix does not include a table of contents in a separate volume, as required by Indiana Appellate Rule 50(C).

[3]     The troopers transported Knight and Fox to the criminal justice center, where both were interviewed by detectives. Fox told police that he had agreed to drive Knight to Indianapolis to purchase methamphetamine in return for "two 8 balls" from Knight. Petitioner's Ex. II. After he was Mirandized, Knight admitted during his videotaped interview that he had engaged Fox to drive him to Indianapolis, where he purchased fifteen grams of methamphetamine for $850 and planned to sell it to a few people in Shelbyville with whom he dealt on a normal basis. *Id*.

[4]     The State charged Knight with level 2 felony dealing in methamphetamine. At that time, Knight had another cause pending against him in the same county ("Cause 28"). Cause 28 involved a level 4 felony dealing charge stemming from a February 2017 controlled buy of two grams of methamphetamine from Knight and his wife. Knight was appointed different public defenders in the two causes. In the current cause, he initially pled not guilty. However, he subsequently changed his plea and pled guilty by plea agreement to the level 2 felony dealing charge in exchange for the dismissal of the level 4 felony charge in Cause 28. The plea agreement set Knight's sentence at the advisory seventeen and one-half years, with the manner and place of serving to be left up to the trial court. On January 19, 2018, Knight signed the plea agreement and waiver of rights form. He was eligible for a habitual offender count, but the State did not file one. The trial court accepted Knight's guilty plea and ordered him to serve fifteen years of his sentence in the Indiana Department of Correction ("DOC") and the remaining two and one-half years on probation.

In April 2018, Knight's public defender filed a PCR petition. Knight subsequently elected to proceed pro se. In his amended PCR petition, he raised several allegations of ineffective assistance of counsel ("Counsel"), including Counsel's alleged failure to object to improper evidence during sentencing, investigate and produce favorable evidence, depose the State's witnesses, provide a meaningful defense, negotiate a favorable plea, move to dismiss the charging information for lack of specificity, and move for a speedy trial. He also claimed that Counsel had a conflict of interest. At his October 2018 PCR hearing, Knight questioned witnesses, introduced exhibits, and made argument. He did not testify under oath and did not produce the records from his guilty plea or sentencing hearings. On November 14, 2018, the post-conviction court issued its order with findings of fact and conclusions of law denying Knight's PCR petition. Knight now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

Knight contends that the post-conviction court erred in denying his PCR petition. Post-conviction relief does not offer the petitioner a super appeal; rather, subsequent collateral challenges must be based on grounds enumerated in the post-conviction rules. *McKnight v. State*, 1 N.E.3d 193, 199 (Ind. Ct. App. 2013), *trans. denied* (2014). These rules limit the scope of relief to issues unknown or unavailable to the petitioner on direct appeal. *Id.* The petitioner in a PCR proceeding "bears the burden of establishing grounds for relief by a preponderance of the evidence." Ind. Post-Conviction Rule 1(5); *Humphrey v.*

*State*, 73 N.E.3d 677, 681 (Ind. 2017). When issuing its decision to grant or deny relief, the post-conviction court must make findings of fact and conclusions of law on all issues presented. Ind. Post-Conviction Rule 1(6); *Humphrey*, 73 N.E.3d at 682.

[7] We review a post-conviction court's denial of a PCR petition for clear error. *Massey v. State*, 955 N.E.2d 247, 253 (Ind. Ct. App. 2011). To prevail on appeal, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the one reached by the postconviction court. *Ellis v. State*, 67 N.E.3d 643, 646 (Ind. 2017). In conducting our review, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence and reasonable inferences most favorable to the judgment. *McKnight*, 1 N.E.3d at 199.

[8] At the outset, we note that Knight has elected to proceed pro se, both below and on appeal. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016), *trans. denied* (2017). This means that they must follow our established rules of procedure and accept the consequences when they fail to do so. *Id*. It is not the court's role to become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Id*.

[9] Knight maintains that he was denied his constitutional right to effective assistance of counsel.[2] To prevail on an ineffective assistance claim, he must satisfy two components: he must demonstrate both deficient performance and prejudice resulting from it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is "representation [that] fell below an objective standard of reasonableness, [where] counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." *Passwater v. State*, 989 N.E.2d 766, 770 (Ind. 2013). We assess counsel's performance based on facts that are known at the time and not through hindsight. *Shanabarger v. State*, 846 N.E.2d 702, 709 (Ind. Ct. App. 2006), *trans. denied*.

[10] "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Ritchie v. State*, 875 N.E.2d 706, 714 (Ind. 2007). "Tactical or strategic decisions will not support a claim of ineffective assistance," and we therefore afford those decisions great deference. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citation omitted). We evaluate counsel's performance as a whole. *Flanders v. State, 955 N.E.2d 732, 739 (Ind. Ct. App. 2011), trans. denied* (2012). "*Strickland* does not guarantee perfect representation, only a reasonably competent

---

[2] Knight also lists among his issues for review a claim of judicial bias during the PCR hearing and an alleged conflict of interest by Counsel. However, he fails to develop any cogent argument on these claims of error as required by Indiana Appellate Rule 46(A)(8) and therefore has waived review of them. *Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009). Moreover, his brief is largely incoherent, but we will address those claims from which we can glean the essence of his argument.

attorney." *Hinesley v. State*, 999 N.E.2d 975, 983 (Ind. Ct. App. 2013), *trans. denied* (2014). Prejudice occurs when a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Passwater*, 989 N.E.2d at 770. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Mitchell v. State*, 946 N.E.2d 640, 643 (Ind. Ct. App. 2011), *trans. denied*.

[11] "Although the performance prong and the prejudice prong are separate inquiries, failure to satisfy either prong will cause the claim to fail." *Baer v. State*, 942 N.E.2d 80, 91 (Ind. 2011). Where the judge who presided over the defendant's trial or, in this case, guilty plea proceedings, is also the judge who presided over his post-conviction proceedings, the judge is "uniquely situated" to assess counsel's performance and any ensuing prejudice, and his findings and judgment should be entitled to "greater than usual deference." *Hinesley*, 999 N.E.2d at 982.

[12] In the context of a guilty plea, the prejudice prong of the *Strickland* test focuses on whether counsel's deficient performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To satisfy the prejudice requirement, the petitioner therefore must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Id.* "[T]o prove they would have rejected the guilty plea and insisted on trial, defendants must show some special circumstances that would have supported that decision. Defendants cannot simply say they would have gone to trial, they

must establish rational reasons supporting why they would have made that decision." *Bobadilla v. State*, 117 N.E.3d 1272, 1284 (Ind. 2019).

[13] Knight first asserts that Counsel was ineffective for failing to move to dismiss the charging information for lack of specificity. "A charging information must be 'sufficiently specific to apprise the defendant of the crime for which he is charged and to enable him to prepare a defense.'" *Jones v. State*, 938 N.E.2d 1248, 1252 (Ind .Ct. App. 2010) (quoting *Bonner v. State*, 789 N.E.2d 491, 493 (Ind. Ct. App. 2003)); *see also* Ind. Code § 35-34-1-2(a) (listing required contents of charging information). Knight bore the burden of establishing that a motion to dismiss would have been granted. *Garrett v. State*, 992 N.E.2d 710, 723 (Ind. 2013). Knight did not include a copy of the charging information in his amended appendix, and it appears that he did not produce a copy of it for admission as an exhibit during the PCR hearing.[3] Therefore, the post-conviction court was limited to evaluating the potential success of any motion to dismiss the charging information based on testimony presented during the PCR hearing. Counsel testified that he reviewed the charging information and found that it included the statutory requirements, such as the name and date of the charged offense, the applicable statutes, and the elements of the offense. Counsel concluded that the offense was sufficiently pled and determined that he would not have filed a motion that he believed would be

---

[3] We ultimately located a copy of the charging information that Knight attached to a June 17, 2019 motion to remand under Indiana Appellate Rule 37. The motions panel of this Court denied his motion on June 28, 2019.

unsuccessful/frivolous. Tr. Vol. 2 at 26-27; *see also* Appealed Order at 8 (post-conviction court's finding that Counsel "determined he would not file what he believed to be a frivolous motion."). In contrast, Knight never testified under oath concerning what elements or requirements he alleged were missing from the charging information or how he was misled as a result. Thus, the post-conviction court did not clearly err in finding that Knight failed to establish ineffective assistance on this basis.

[14] Knight also maintains that Counsel was ineffective for failing to file a motion for a fast and speedy trial. With respect to this claim, we first note that in conjunction with his plea agreement, Knight signed an advisement of rights and waiver that states, "You have the right to a public and speedy trial by jury …. The Defendant further understands that the entry of a guilty plea waives those rights and constitutes an admission of the truth of all facts alleged in the information to which a plea of guilty has been entered[.]" State's Ex. 1. By his signature, Knight acknowledged that he had read and understood his plea agreement and advisement of rights and waiver. *Id.* Counsel testified that he went over the documents with Knight and that Knight acknowledged that he read and understood the rights that he was waiving by pleading guilty. Counsel also affirmed that he had not forced Knight to accept the plea agreement. Tr. Vol. 2 at 28. Knight introduced copies of handwritten, unauthenticated notes and letters that he purportedly sent to Counsel requesting a speedy trial. Many of the notes were not admitted due to a lack of foundation, and some of them appear to have been related to Cause 28 rather than the current underlying

cause. Knight never testified under oath concerning the notes. The post-conviction court found that the notes do not purport to be original letters sent to counsel but rather are handwritten "duplicate originals" about which the court could "draw no conclusions" due to the "silent record before the Court." Appealed Order at 5.

Counsel testified that he had no recollection of Knight ever having requested that he file a motion for fast and speedy trial. Tr. Vol. 2 at 13-14. He explained that there would have been no need for a speedy trial motion when the case was moving toward a negotiated plea agreement and that Knight's case would not ordinarily lend itself to a speedy trial due to the seriousness of the charge and the fact that he was facing another felony drug dealing charge and a potential habitual offender count. *Id*. at 28. These are matters of strategy and tactics, to which we accord deference. *McCary*, 761 N.E.2d at 392. Thus, we find no clear error concerning Knight's claim of ineffective assistance related to his desire for a speedy trial.

Likewise, to the extent that they are cogent, most of Knight's remaining allegations of deficient performance are matters of Counsel's strategy. These include Counsel's alleged failure to investigate, depose witnesses, communicate with Knight, negotiate a favorable plea, and provide a meaningful defense. During his testimony at the PCR hearing, Counsel testified that he had read all the documents and had received all the discovery related to the current underlying charge against Knight. He stressed that he did not order depositions or subpoenas because he did not believe that they would be beneficial or

necessary when there was not a trial anticipated. With plea agreement negotiations on the horizon, Counsel focused on pursuing the "best sentence for him as I could." Tr. Vol. 2 at 21. He articulated the following reasons for recommending a plea agreement for Knight: the seriousness of the level 2 felony dealing charge; the fact that Knight was habitual-offender eligible; his knowledge that it is "very typical" for this particular prosecutor's office to file a habitual offender count if the case goes to trial; the prospect of arranging the dismissal of Knight's level 4 felony charge in Cause 28 with a sentence exposure of twelve years; and most importantly, the admissible video evidence of Knight's confession to the facts underlying the level 2 felony dealing charge in this cause. *Id*. at 27; *see also id*. at 25 ("The video was very difficult to overcome."). Under the circumstances, Counsel's alleged failures were simply part of his defense strategy and do not amount to defective performance. As such, we find no clear error here.

[17] As for the (un)favorability of the plea agreement itself, Knight received a benefit in the form of the dismissal of his level 4 felony charge in Cause 28 and its additional twelve years of sentence exposure. Moreover, by entering the plea agreement, he effectively avoided the filing of a habitual offender count, which carried an additional twenty years of sentence exposure. He also had the peace of mind of knowing that his sentence on the current underlying level 2 felony would be limited to the advisory term, with the possibility of serving some of that time outside the DOC (ultimately, two and one-half years to be served on probation). These were not unfavorable terms. Counsel affirmed that he had

not forced Knight to accept the plea agreement and that Knight had affirmed at the guilty plea hearing that he was satisfied with Counsel's representation. Tr. Vol. 2 at 28.

[18] To the extent that Knight alleges deficient performance related to Counsel's failure to object to evidence during sentencing, we note that this allegation requires resort to the sentencing transcript. Knight did not attempt to introduce the sentencing transcript in the PCR proceedings below. Nor did he ask the post-conviction court to take judicial notice of it. *See* Appealed Order at 3 ("Neither party introduced any transcript or complete record of the proceedings in the underlying criminal case."). Knight's failure to produce the sentencing transcript below therefore amounted to a failure to present evidence to support this claim. *Mitchell*, 946 N.E.2d at 645. The post-conviction court is not required "to go searching for records in support of either party's position or to become an advocate or investigator for either party."[4] *Graham v. State*, 947 N.E.2d 962, 965 (Ind. Ct. App. 2011)*; see also* Appealed Order at 3 ("The Court is constrained by the very limited record before it."). Thus, we find no clear error in the post-conviction court's conclusion that Knight did not meet his

---

[4] Knight now requests that this Court take judicial notice of the sentencing and guilty plea hearing transcripts. Although Indiana Evidence Rule 201(b)(5) allows this Court to take judicial notice of "records of a court of this state," we cannot consider evidence not made a part of the record below. *Mitchell v. State*, 946 N.E.2d 640, 644-45 (Ind. Ct. App. 2011), *trans. denied.* As such, we deny his motion for judicial notice in a separate order.

burden of establishing ineffective assistance concerning Counsel's alleged failure to object during sentencing.

[19] In sum, Knight has failed to present evidence sufficient to overcome the presumption that Counsel provided effective assistance. Sadly, the deficiencies in this case are attributable to Knight's failures in acting as his own attorney. Below, he failed to produce the transcripts of the guilty plea and sentencing hearings or request that the post-conviction court take judicial notice of them. This has impeded our review. In conducting his own representation below, Knight failed to testify under oath. Instead, he simply made argument while questioning other witnesses, despite the post-conviction court's repeated admonitions that his pro se statements could not be considered evidence. *See, e.g.*, Tr. Vol. 2 at 16-17; *see also Donnegan v. State*, 809 N.E.2d 966, 973 n.9 (Ind. Ct. App. 2004) ("argument of counsel is not evidence"), *trans. denied*. Knight's failure to follow the rules of appellate procedure resulted in the waiver of some of his arguments, and his failure to follow the rules of evidence resulted in the exclusion of several of his exhibits for lack of a proper foundation. While we are mindful of his lack of legal training, we are also mindful of our duty to hold him to the same standard as a licensed attorney. *Lowrance*, 64 N.E.3d at 938. Finding no clear error in the post-conviction court's judgment, we affirm its denial of Knight's PCR petition.

[20] Affirmed.

May, J., and Pyle, J., concur.