Paul TRICE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9708–CR–572.

Court of Appeals of Indiana.

April 23, 1998.

Walter E. Bravard, Jr., Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Kimberly MacDonald, Deputy Attorneys General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Paul Trice was charged by an amended information with Robbery, as a Class A felony, Aggravated Battery, a Class B felony, and Criminal Gang Activity, a Class D felony. Trice was charged in a separate information with being an Habitual Offender. After a jury trial, Trice was convicted of aggravated battery and criminal gang activity but acquitted of robbery. He then waived a jury trial for the habitual offender determination. Trice was sentenced to twenty years for aggravated battery. That sentence was enhanced by thirty years based on the determination that Trice was an habitual offender. Trice also received a concurrent sentence of one and one-half years for criminal gang activity for a total term of fifty years. Trice now appeals.[1]

We affirm in part and reverse in part.

### ISSUES

The dispositive issues presented for our review are:

1. Whether the State presented sufficient evidence to sustain Trice's convictions for aggravated battery and criminal gang activity.

2. Whether Trice's sentence is manifestly unreasonable.

### FACTS

On August 11, 1996, Nathan Williams and Welby Hendrickson drove to 2800 North Kenwood in Indianapolis, where the D'Ware gang was known to sell drugs. Upon arrival, they observed Paul "Champ" Trice, Derrick "Little D" Proctor and several other unidentified individuals drinking liquor. Proctor and his companions approached Williams's vehicle and placed a bottle of liquor and a beer on the roof. An unidentified person then sold cocaine to Williams and Hendrickson. As Williams drove away, Proctor whistled for him to stop. The drinks fell from the roof of the vehicle as it came to a stop. Proctor demanded that Williams and Hendrickson pay for the liquor. When they refused, Proctor reached through the open car window and struck Williams. Proctor, Trice and several others then pulled Williams from the car and beat him while Hendrickson fled the scene.

Sometime thereafter, Hendrickson returned to the scene of the beating and found Williams lying unconscious next to his vehicle. Hendrickson was unable to revive Williams, whose jewelry and shoes were missing. After a local resident called the police, Indianapolis Police Officer Timothy Snyder arrived and radioed for an ambulance. Williams was then transported to an Indianapolis hospital where he remained comatose for nearly three weeks. Williams was later moved to a nursing home where he underwent rehabilitation. Eventually, Williams was released but has been unable to return to work because of his injuries.

During their investigation, the police identified Proctor's fingerprints on the automobile and Trice's fingerprints on the liquor bottle. Hendrickson informed the police that Williams had been beaten by "Champ" and "Little D," and he then identified the two men in a photo array. Subsequently, Indianapolis Police Officer Scott Sitton identified Proctor and Trice as members of the D'Ware gang.

---

1. We heard oral argument on March 24, 1998, at St. Mary-of-the-Woods College.

## DISCUSSION AND DECISION

### Issue One: Sufficient Evidence

Trice contends that the State failed to present sufficient evidence to support his convictions for aggravated battery and criminal gang activity. Specifically, Trice argues that the State failed to prove that Trice inflicted injury on Williams. He further argues that the State failed to prove each element of criminal gang activity.

When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Fields v. State,* 679 N.E.2d 898, 900 (Ind. 1997). We will consider only the evidence most favorable to the verdict, along with inferences therefrom to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Id.* The conviction will not be set aside if there is substantial evidence of probative value to support it. *Id.*

### A. *Aggravated Battery*

A person may be convicted of aggravated battery, a class B felony, if the State proves beyond a reasonable doubt that (1) the defendant, (2) knowingly or intentionally, (3) inflicted injury on a person, (4) that creates a substantial risk of death or causes serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ. *See* IND.CODE § 35-42-2-1.5. Here, Trice claims that the State failed to present evidence that he was the person who inflicted injury on Williams. Our review of the record, however, shows that both Hendrickson and Williams identified Trice as one of the men who hit Williams. *See Thompson v. State,* 674 N.E.2d 1307, 1311 (Ind.1996) (victim identification alone is sufficient evidence of identification). Thus, we conclude that the State presented substantial evidence of probative value to sustain Trice's conviction for aggravated battery.

### B. *Criminal Gang Activity*

In order to convict a defendant of criminal gang activity, the State must prove beyond a reasonable doubt that the individual (1) is an active member of a group with five or more members which, promotes, sponsors, assists in, or participates in or requires as a condition of membership or continued membership the commission of a felony or an act that would be a felony if committed by an adult or a battery, (2) has knowledge of the group's criminal advocacy, and (3) has a specific intent to further the group's criminal goals. *See* IND.CODE §§ 35-45-9-3 and 35-45-9-1. At trial, Officer Sitton, the State's expert witness, testified that Trice had told him that he was a member of the D'Ware gang. Sitton further testified that, based on his own investigation, the D'Ware gang consisted of more than fifteen members and engaged in narcotics trafficking. Officer Sitton's testimony is the only evidence presented by the State that Trice was an active gang member.

However, the State presented no evidence that the battery was gang related. Rather, the evidence shows that after his alcoholic beverages fell from the roof of the car, Trice spontaneously beat Williams for causing the liquor to fall and refusing to pay for it. The State did not present any evidence that Trice acted with specific intent to further the gang's criminal goals. The State's case consists only of evidence that Trice is a gang member and that he committed a criminal act; therefore, the State contends, he engaged in criminal gang activity. We cannot agree because, here, there is no nexus between Trice's alleged gang membership and the crime he committed. Thus, we conclude that the State failed to present substantial evidence of probative value that Trice was involved in criminal gang activity and that his conviction for criminal gang activity should be reversed.

### Issue Two: Sentencing

Trice also contends that his fifty-year sentence is manifestly unreasonable. Specifically, he argues that the trial court improperly utilized an element of the offense to enhance his sentence, that it failed to provide specific findings to support the enhancement, and that the court failed to consider his troubled youth as a mitigating factor. The State counters that the trial court properly enhanced Trice's sentence based on his extensive criminal history and that the trial court has discretion on whether to find mitigating circumstances. We agree with the State.

■ Sentencing decisions rest within the sound discretion of the trial court. *Trei v. State*, 658 N.E.2d 131, 134 (Ind.Ct.App.1995). Such determinations will be reversed only upon a showing of a manifest abuse of discretion. *Ector v. State*, 639 N.E.2d 1014, 1015 (Ind.1994). This court will revise a sentence authorized by statute only where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B).[2]

■ The trial court also has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State*, 567 N.E.2d 784, 790 (Ind.1991). Mitigating factors are not a mandatory consideration in sentencing. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Id.* at 791.

■ Where the trial court finds aggravating or mitigating circumstances, it is required to state its reasons. However, the trial court does not have to explain why it did not find mitigating circumstances, and does not have to afford the same weight to mitigating evidence as the defendant suggests. *Herrera v. State*, 679 N.E.2d 1322, 1326 (Ind. 1997). The statement should include: an identification of the significant aggravating and mitigating circumstances, specific facts and reasons leading the court to find the existence of such circumstances and an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Pruitt v. State*, 622 N.E.2d 469, 474 (Ind.1993).

■ Here, the trial court enhanced Trice's sentence based on his lengthy criminal history[3] and the severity of the victim's injuries and found the only mitigating circumstance

to be Trice's "relatively young age of 26." The trial court also stated that the aggravating factors outweighed any mitigating circumstances. The presumptive term for aggravated battery is ten years. The trial court properly enhanced Trice's sentence to the maximum penalty of twenty years for aggravated battery based on his lengthy criminal history which the court recited in detail at the sentencing hearing. *See Smith v. State*, 675 N.E.2d 693, 697 (Ind.1996). In addition, the record shows that the trial court balanced the aggravating and mitigating circumstances and gave little weight to Trice's proffered mitigating circumstances.[4] Thus, we conclude that the trial court did not abuse its discretion when it sentenced Trice to twenty years for aggravated battery and an additional thirty-years for the habitual offender determination. *See Weaver v. State*, 676 N.E.2d 22, 26 (Ind.Ct.App.1997) *trans. denied* (proper to enhance based on aggravating circumstances and then add additional time based on habitual offender determination). Trice's sentence is not manifestly unreasonable given the nature of the offense and the offender.

## Conclusion

We conclude that the State presented sufficient evidence that Trice committed the crime of aggravated battery and that Trice's sentence was reasonable. However, the State failed to present substantial evidence of probative value to support Trice's conviction for criminal gang activity and that conviction is reversed.

Affirmed in part and reversed in part.

BAKER and RILEY, JJ., concur.

2. This Rule was amended effective March 1, 1997, to delete the language that "[a] sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." Section (A)(1) states that appellate review under the amended rule applies only to a defendant convicted after the effective date. App.R. 17.

3. Trice's extensive criminal record includes many offenses other than those used in the habitual offender determination.

4. According to the Presentence Investigation Report, Trice had a troubled childhood wherein he was raised by his grandmother after his father went to prison for killing his mother. In addition, Trice has six children by four different women and is behind in his child support payments.