v.

**STATE of Indiana, Appellee–Defendant.**

**No. 49A02–0712–JV–1074.**

Court of Appeals of Indiana.

Sept. 23, 2008.

Jill M. Acklin, Westfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

■ G.R. was adjudged a juvenile delinquent for committing the following acts: criminal gang activity, a Class D felony if committed by an adult, criminal trespass, a Class A misdemeanor if committed by an adult, criminal mischief, a Class D felony if committed by an adult, and criminal mischief, a Class B misdemeanor if committed by an adult. G.R. appeals his adjudication for criminal gang activity and argues that the evidence was insufficient to establish that he participated in a "criminal gang." Concluding that the evidence is insufficient to establish that G.R. was involved in a gang with at least five members, we reverse.

### Facts and Procedural History

On March 8, 2007, G.R. was observed spray painting letters on the roof of a Kroger Store near the intersection of 38th Street and Moller Road. A van in a nearby alleyway had also been spray painted with the letters "VL." The individuals who saw G.R. spray painting the roof yelled at him and chased him as G.R. fled the scene. G.R. was eventually caught and held until the police arrived.

Police officers discovered two cans of green spray paint in G.R.'s pockets. G.R. told the officers that he was a member of the gang "Vatos Locos." Officer Steven Schafer, a member of the gang task force, was called to the scene. He concluded that the green "VL" painted on the side of the van had been done by a member of the Vatos Locos gang. G.R. had also spray painted the letters "VL" on several areas of the Kroger property.

On July 24, 2007, a delinquency petition was filed alleging that G.R. had committed criminal gang activity, a Class D felony if committed by an adult, criminal trespass, a Class A misdemeanor if committed by an adult, two counts of criminal mischief, Class A misdemeanors if committed by an adult, and a third count of criminal mischief, a Class D felony if committed by an adult. A denial hearing was held on October 10, 2007, and the court entered true findings for criminal gang activity and criminal trespass. Concerning the criminal mischief allegations, the court found that one Class A misdemeanor count merged with the Class D felony count and entered a true finding for criminal mis-

chief, a Class D felony if committed by an adult. The court then entered a true finding for the remaining criminal mischief allegation as a Class B misdemeanor, if committed by an adult.

At the November 14, 2007 disposition hearing, the court ordered a suspended commitment to the Department of Correction and imposed special conditions of probation. On November 19, 2007, G.R. filed his notice of appeal and appeals only the adjudication for criminal gang activity. Additional facts will be provided as necessary.

### Discussion and Decision

■■■ G.R. argues that the evidence is insufficient to support the delinquency adjudication for criminal gang activity. When the State seeks to have a juvenile adjudicated as a delinquent for committing an act which would be a crime if committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. *J.S. v. State*, 843 N.E.2d 1013, 1016 (Ind.Ct.App.2006), *trans. denied*. In reviewing a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment and will neither reweigh evidence nor judge the credibility of the witnesses. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt, we will affirm the adjudication. *Id.*

The State was required to prove that G.R. knowingly or intentionally actively participated in a criminal gang, which is a Class D felony if committed by an adult. *See* Ind.Code § 35-45-9-3 (2004). On the date of G.R.'s offense, a "criminal gang" was defined as a **group of at least five members** that either "[ ]promotes, spon-

sors, or assists in; [ ]or participates in; [ ]or requires as a condition of membership or continued membership; the commission of a felony or act that would be a felony if committed by an adult or the offense of battery." [1] Ind.Code § 35-45-9-1 (2004 & Supp.2007) (emphasis added). G.R. argues that insufficient evidence supports the adjudication because the State failed to prove that the gang "Vatos Locos" had at least five members.

At the denial hearing, references were made to only four specific members of the gang "Vatos Locos." The State argues that Officer Schafer's "repeated references to Vatos Locos as a criminal gang," and his awareness "of the existence of the gang, their colors and mark strongly implies that they were an established gang with significant membership which had alerted the officer to their existence." Br. of Appellee at 6.

The State was required to prove beyond a reasonable doubt that G.R. was an active member in a group with five or more members. *See Trice v. State*, 693 N.E.2d 649, 651 (Ind.Ct.App.1998). Officer Schafer's testimony does not meet that requirement. The State could have easily inquired into the officer's knowledge of "Vatos Locos's" membership, but did not. Accordingly, we conclude that the evidence is insufficient to establish that G.R. was an active member of a gang with five or more members. His delinquency adjudication for criminal gang activity, a Class D felony if committed by an adult, is therefore reversed.

Reversed.

BAKER, C.J., and BROWN, J., concur.

---

1. On July 1, 2007, the General Assembly amended this statute, which now reads in pertinent part: " 'criminal gang' means a group with at least three members[.]"