# FOR PUBLICATION



**FILED**

May 09 2013, 8:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH A. HOUDEK**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| G.H., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-JV-532 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
JUVENILE DIVISION
The Honorable Marilyn A. Moores, Judge
The Honorable Scott Stowers, Magistrate
Cause No. 49D09-1202-JD-442

**May 9, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

G.H. appeals the trial court's true finding for what would be Class D felony criminal gang activity if committed by an adult. He argues that there is insufficient evidence to support his adjudication. We conclude that the State failed to prove that G.H. had a specific intent to further a gang's criminal goals, which is necessary to sustain an adjudication for criminal gang activity. We reverse.

**Facts and Procedural History**

In December 2010, fourteen-year-old V.A. met a male friend to attend a party. Before going to the party, the two boys met another group of teenagers, including fourteen-year-old G.H., at G.H.'s house. In total, about twenty juveniles gathered at G.H.'s house.

A.M., one of the boys at G.H.'s house, left for a short time. When A.M. returned, he walked up to V.A. and pulled back his coat to reveal a sawed-off shotgun. Tr. p. 21. V.A. decided to leave G.H.'s house and began walking home. A group of people followed him, including G.H. People began suggesting that G.H. and V.A. should fight. V.A. told G.H., "I'm not going to fight you, I'm just going to cut out[.]" *Id.* at 23. G.H. began taunting V.A., and another boy struck V.A. in the head with a glass bottle. The group swarmed V.A. and began kicking and punching him. One of V.A.'s friends intervened and helped him up, and the two boys ran away. However, the group pursued them, and when they caught V.A., the battery continued. Eventually, a bruised and bleeding V.A. escaped the group.

While running from the group, V.A. encountered his sixteen-year-old brother, J.A. Despite the battery, V.A. and J.A. decided to go to another party. When G.H., A.M., and

2

the other boys who had attacked V.A. showed up at that party, J.A. told his brother to leave. V.A. left but later returned, afraid for his older brother's safety. When the party ended around 1:00 a.m., the boys set off for home.

As they walked, the brothers heard nearby shouts of "skoo woo" and "Drop 'Em Squad." *Id.* at 35, 89. V.A. knew that Drop 'Em Squad was a gang because he used to be a member of it. *Id.* at 35. V.A. and J.A. walked faster, but G.H., A.M., and some other boys blocked them at the end of an alley. A.M. asked V.A. and J.A. if they wanted to fight. J.A. said he did not want to fight, and the brothers took off running.

The brothers made it home safely, where their mother examined V.A. V.A. had a bloody nose, blood on his clothes, a footprint on his back, and a bump on his head. *Id.* at 93, 102. When V.A.'s mother looked out her window, she saw a crowd of boys. She called the police and reported the incident.

In February 2012, the State alleged that G.H. was a delinquent child for committing what would be Class C felony criminal gang intimidation, Class C felony stalking, Class C felony intimidation, Class D felony criminal gang activity, and Class A misdemeanor battery if committed by an adult. The trial court held a fact-finding hearing in May 2012.

At the hearing, V.A. testified about the incident and G.H.'s gang involvement. When asked if he knew whether G.H. was a member of Drop 'Em Squad, V.A. responded "no, not really." [1] *Id.* at 38. He also testified that there were no gang calls during the first incident, but after the party, when the boys blocked him and J.A. at the end of the alley,

---

[1] G.H. interprets this statement as V.A. saying that G.H. was not a member of Drop 'Em Squad. The State says V.A. simply said he did not know. There was no clarification, but at the very least, we observe that V.A. could not confirm that G.H. was a member of the gang.

3

the boys were yelling "skoo woo" and "Drop 'Em Squad." *Id.* at 46. J.A. recalled things differently; he testified that G.H. was with the other boys in the alley confrontation, but did not yell "skoo woo" or "Drop 'Em Squad." *Id.* at 89. J.A. said that all of the boys involved in the battery, including G.H., were members of Drop 'Em Squad, and that he had once heard G.H. say he was a gang member, although J.A. did not say when he heard G.H. say this. *Id.* at 90. J.A. also said he believed all the boys were gang members at the time of the incident because "they were all hanging out together." *Id.* at 91.

No witness could link any physical evidence of gang activity to G.H. Indianapolis Metropolitan Police Department Detective Miguel Roa, a member of the IMPD's Criminal Gang Unit, testified that gang members frequently called out "skoo woo," followed by a gang name, as a way of identifying themselves as members of that gang. *Id.* at 111. He also testified that Drop 'Em Squad is a confirmed east-side gang. *Id.* at 110, 129-30. Detective Roa said that he searched G.H.'s home but found no evidence of gang affiliation. *Id.* at 132-36. At the conclusion of the fact-finding hearing, the trial court took the matter under advisement.

In June 2012, the trial court entered a true finding on the Class D felony criminal gang activity and Class A misdemeanor battery allegations. The court entered not true findings on the Class C felony criminal gang intimidation, Class C felony stalking, and Class C felony intimidation allegations. G.H. was placed on probation. G.H. now appeals the Class D felony criminal gang activity true finding only.[2]

---

[2] G.H. filed his notice of appeal on July 3, 2012. The State filed a motion to dismiss alleging that the notice of appeal was untimely. This Court denied the State's motion. *See* Order on State's Motion to Dismiss, Cause No. 49A02-1207-JV-532 (Ind. Ct. App. Jan. 11, 2013). The State renews its dismissal

4

## Discussion and Decision

G.H. argues that there is insufficient evidence to support the trial court's true finding that he committed criminal gang activity. G.H. does not dispute that Drop 'Em Squad is a criminal gang. However, he contends that the State failed to prove that he was an active gang member, that he knew anything about the gang's criminal advocacy, and that the battery he committed had any link to alleged gang membership.

When the State seeks to have a juvenile adjudicated as a delinquent for committing an act that would be a crime if committed by an adult, the State must prove each element of the crime beyond a reasonable doubt. *G.R. v. State*, 893 N.E.2d 774, 776 (Ind. Ct. App. 2008) (citing *J.S. v. State*, 843 N.E.2d 1013, 1016 (Ind. Ct. App. 2006), *trans. denied*). When we review a juvenile adjudication, we consider only the evidence and reasonable inferences supporting the judgment, and will not reweigh evidence or judge the credibility of witnesses. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt, we will affirm the adjudication. *Id.*

Indiana Code section 35-45-9-1 defines a criminal gang as a group with at least three members that:

> (1) either:
>     (A) promotes, sponsors, or assists in; or
>     (B) participates in; or
>
> (2) requires as a condition of membership or continued membership;
>
> the commission of a felony or an act that would be a felony if committed by an adult or the offense of battery ([Ind. Code § 35-42-2-1]).

request in its Appellee's Brief. However, this Court has already denied this request and we decline to consider the matter further.

A person who knowingly or intentionally actively participates in a criminal gang commits criminal gang activity, a Class D felony. Ind. Code § 35-45-9-3. To prove that G.H. committed criminal gang activity, the State must show that he: (1) was an active member of a criminal gang, (2) had knowledge of the group's criminal advocacy, and (3) had a specific intent to further the group's criminal goals. *Robles v. State*, 758 N.E.2d 581, 585 (Ind. Ct. App. 2001) (citations omitted), *trans. denied.* The specific-intent element requires proof of a nexus between furthering the goals of the criminal gang and the alleged crime. *Id.*

There is negligible evidence that G.H. was a member of Drop 'Em Squad. V.A. could not say that G.H. was a member of the gang. J.A. testified that G.H. said he was in a gang, but he did not say when G.H. said this. Though both V.A. and J.A. testified that G.H. was with the group of boys who blocked their path at the end of an alley, the brothers gave contradictory testimony about whether G.H. yelled "skoo woo" or "Drop 'Em Squad." And Detective Roa testified that he found no evidence of G.H.'s gang affiliation. At best, this evidence shows that G.H. was a gang member at some point in time, which is insufficient. *See Ferrell v. State*, 746 N.E.2d 48, 51 (Ind. 2001) (The State's case "consisted only of evidence that Ferrell, at some point, was a member of a gang that commits criminal offenses. That is not enough.").

The State argues that G.H. and the other boys were gang members at the time of the incident because J.A. testified that they hung out together. This guilt-by-association argument is circular and unpersuasive. At trial, the State was attempting to prove that G.H., A.M., and another boy had all engaged in criminal gang activity. Now, the State

6

relies on J.A.'s testimony to argue that G.H. is a gang member because he spent time with other gang members. But the State was attempting to prove at the same time that these other supposed gang members were, in fact, gang members. The guilt-by-association argument does not establish active gang membership in this context.

However, even if the evidence established G.H.'s active gang membership, we would still conclude that the evidence is insufficient to sustain G.H.'s adjudication because there is no evidence that G.H. had the specific intent to further Drop 'Em Squad's criminal goals by battering V.A.

The battery allegation against G.H. stemmed from the fight that occurred outside G.H.'s house early in the evening. After seeing that another boy had a sawed-off shotgun, V.A. decided to leave G.H.'s house and began walking home. A group of people followed him, including G.H. People began suggesting that G.H. and V.A. should fight. V.A. declined and G.H. began taunting him. After another boy struck V.A. in the head with a glass bottle, the group swarmed V.A. and began kicking and punching him. Eventually, a bruised and bleeding V.A. escaped the group. V.A. testified that no one yelled "skoo woo" or "Drop 'Em Squad" during this fight. Tr. p. 57.

This evidence does not show a nexus between V.A.'s battery and Drop 'Em Squad's criminal goals.[3] There was no mention of the gang at the time of the battery and

---

[3] The State argues alternatively that the evidence shows G.H.'s active membership in an unnamed gang of three boys who assisted or participated in V.A.'s battery. *See* Appellee's Br. p. 10 (citing *Kelly v. State*, 813 N.E.2d 1179, 1183-84 (Ind. Ct. App. 2004), *trans. denied*). The State raises this argument for the first time on appeal, and thus it is waived. *C.T.S. v. State*, 781 N.E.2d 1193, 1204 (Ind. Ct. App. 2003) (failure to raise an argument in the trial court results in its waiver on appeal), *trans. denied*. And we note that the *Kelly* Court confined its holding to the facts before it, saying, "While admittedly, no evidence was presented that the instant group possessed traits commonly associated with a traditional street gang, *e.g.*, a name, symbolic colors, or initiation rituals, *the facts of this particular case* amply satisfy the statutory elements of the offense." 813 N.E.2d at 1184 (emphasis added).

no claim that the purpose of the battery was retribution by Drop 'Em Squad, initiation into Drop 'Em Squad, or to fulfill any other criminal goal of the gang. The only mention of Drop 'Em Squad came later in the evening, in the alley confrontation, and no allegations against G.H. arose from that incident.

Because the State failed to prove that G.H. had a specific intent to further Drop 'Em Squad's criminal goals, his adjudication for criminal gang activity must be reversed.

Reversed.

KIRSCH, J., and PYLE, J., concur.