Craig FERRELL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49S00–0003–CR–142.

Supreme Court of Indiana.

April 11, 2001.

Kevin C.C. Wild, Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

After a trial by jury Craig Ferrell was convicted of murder, attempted robbery as

a Class A felony, aggravated battery as a Class B felony, and criminal gang activity as a Class D felony for his role in the stabbing death of Edward Crafter. His only complaint on appeal concerns the sufficiency of the evidence. We agree the evidence of criminal gang activity was not sufficient and therefore we reverse this conviction. For his other convictions, we affirm.

### Facts

The facts most favorable to the verdict show that in the evening hours of January 14, 1999, a group of men attacked and beat Edward Crafter. His body was found in a field the following morning. At least four of the men were charged in connection with Crafter's death, one of whom was Tommy Thompson. In exchange for his testimony, the State dismissed charges against Thompson for murder, robbery, and criminal gang activity and allowed him to plead guilty to aggravated battery. At trial, Thompson downplayed his own involvement in Crafter's death and instead blamed Ferrell and another accomplice, Steven Kilpatrick, who was tried along with Ferrell as a co-defendant.[1] He testified, for example, that he observed Kilpatrick strike Crafter in the head with a chunk of ice and that as Crafter lay on the ground Ferrell and Klipatrick searched Crafter's pockets. Thompson also testified that sometime thereafter he observed Ferrell and Kilpatrick dragging Crafter through the street; that Kilpatrick stabbed Crafter multiple times in the neck and that Ferrell stabbed him in the chest; and that both Ferrell and Kilpatrick dragged Crafter's body into some bushes. An autopsy revealed that in addition to abrasions and contusions to his face, Crafter suffered an injury to the back of his

---

**1.** Today, we also decide the case of co-defendant Steven Kilpatrick. *Kilpatrick v. State,* 746 N.E.2d 52 (Ind.2001).

head consistent with being struck with a large block of ice. The autopsy also revealed that Crafter died as a result of multiple stab wounds. A jury convicted Ferrell of murder, attempted robbery, aggravated battery, and criminal gang activity. The trial court sentenced him to an aggregate term of 100 years imprisonment.[2] This appeal followed.

### Discussion

Ferrell does not contest his conviction for aggravated battery. He contends, however, that his convictions for murder, attempted robbery, and criminal gang activity are not supported by sufficient evidence. In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of witnesses. *Brown v. State*, 720 N.E.2d 1157, 1158 (Ind.1999). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

Ferrell's chief complaint concerns the testimony of Tommy Thompson. Contending that Thompson was the only witness to testify concerning the murder and attempted robbery, Ferrell argues that Thompson's testimony was self-serving, inherently contradictory, and inconsistent with virtually all other testimony as well as with the physical evidence. Thus, according to Ferrell, Thompson's testimony was incredibly dubious as a matter of law. Under the "incredible dubiosity rule," a court will impinge upon the jury's responsibility to judge witness credibility only when confronted with inherently improbable testimony or coerced, equivocal,

wholly uncorroborated testimony of incredible dubiosity. *Tillman v. State*, 642 N.E.2d 221, 223 (Ind.1994); *Gaddis v. State*, 253 Ind. 73, 80–81, 251 N.E.2d 658, 661–62 (1969). "Application of this rule is limited to cases, such as *Gaddis*, where a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." *Tillman*, 642 N.E.2d at 223.

In this case, Thompson testified that he arrived on the scene after a fight between Crafter and several other men had begun and that he hit Crafter only once. R. at 307, 311. By contrast, two other witnesses testified that Thompson participated more actively in the beatings. R. at 238, 423. Thompson testified that Ferrell and Kilpatrick beat Crafter but did not mention anyone else. R. at 309. On the other hand, other witnesses testified that four or five persons participated in the beating. R. at 236–37, 391. Thompson said that both Ferrell and Kilpatrick went through Crafter's pockets. R. at 313. However, other witnesses testified that only Kilpatrick did so. R. at 239–40, 412. No witness other than Thompson testified that Ferrell stabbed Crafter; however, no blood was found on Ferrell's clothing, which according to Ferrell, one might expect given the nature of Crafter's injuries. On this latter point, the record shows the clothing that was tested for bloodstains was clothing Ferrell wore at the time of his arrest three weeks after the stabbing. R. at 529. Further, Thompson as well as another State's witness testified that on the night of the stabbing Ferrell removed the clothes he was wearing and placed them in a trash bag. R. at 323, 415–16.

---

**2.** Specifically, the trial court sentenced Ferrell to consecutive terms of sixty (60) years for murder and forty (40) years for attempted robbery. The court also sentenced Ferrell to twenty (20) years for aggravated battery and three (3) years for criminal gang activity but merged these sentences into the sentence for attempted robbery.

In any event, although Thompson's testimony was inconsistent in several respects with the testimony of other witnesses, it was not equivocal and Thompson did not contradict himself on the stand. Rather, the record shows that even though Ferrell thoroughly cross-examined Thompson, he nonetheless stuck by his account of the events occurring on the night of the fatal stabbing. R. at 329–43. *See Berry v. State,* 703 N.E.2d 154, 160 (Ind.1998) (declining to apply the "incredible dubiosity rule" where there were inconsistencies in the testimony among witnesses but no one witness contradicted himself). It is for the trier of fact to resolve conflicts in the evidence and to decide which witnesses to believe or disbelieve. *Marshall v. State,* 621 N.E.2d 308, 320 (Ind.1993). If the testimony believed by the trier of fact is enough to support the verdict, then the reviewing court will not disturb it. *Id.* In this case the jury apparently believed Thompson's testimony. His testimony was sufficient to support a guilty verdict for murder and attempted robbery. We therefore affirm Ferrell's convictions for these offenses.

We have a different view, however, concerning Ferrell's conviction for criminal gang activity. In order to convict a defendant of criminal gang activity, the State must prove beyond a reasonable doubt that the individual: (1) is an active member of a group with five or more members which promotes, sponsors, assists in, or participates in or requires as a condition of membership or continued membership the commission of a felony or an act that would be a felony if committed by an adult, (2) has knowledge of the group's criminal advocacy, and (3) has a specific intent to further the group's criminal goals. *See* Ind.Code §§ 35–45–9–1, –3.

At the time of his arrest, photographs were taken of Ferrell showing several tattoos on his arms and chest. A detective assigned to the Metro Gang Task Force testified that the tattoos were the symbols of a street gang known as the Vice Lords. In the officer's opinion, "the individual with these tattoos would be showing allegiance to the Vice Lord nation." R. at 679. The detective also testified concerning the size and illegal activities of the Vice Lords gang. To sustain a conviction under a sufficiency of the evidence challenge, there must be sufficient evidence on each material element of the offense. *Grace v. State,* 731 N.E.2d 442, 445 (Ind.2000), *reh'g denied.* Here, the State presented no evidence that Ferrell was an "active" gang member. Nor did the State present any evidence that Ferrell had the specific intent to further the gang's criminal goals when he stabbed and attempted to rob Crafter. The State's case on this offense consisted only of evidence that Ferrell, at some point, was a member of a gang that commits criminal offenses. That is not enough. *See Robinson v. State,* 730 N.E.2d 185, 195 (Ind.Ct. App.2000), *trans. denied; Trice v. State,* 693 N.E.2d 649, 651 (Ind.Ct.App.1998) (both reversing convictions for criminal gang activity where the State failed to show a nexus between the defendants' gang membership and the crimes for which they were charged). We thus conclude the evidence was not sufficient to support Ferrell's conviction for criminal gang activity. Therefore, we are compelled to reverse this conviction.

### Conclusion

We reverse Ferrell's conviction for criminal gang activity. In all other respects, the judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.