**Jason EDWARDS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0307–CR–586.**

Court of Appeals of Indiana.

Feb. 27, 2004.

Timothy J. Burns, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jason Edwards appeals his conviction following a bench trial for Prostitution, a Class A misdemeanor. He raises a single issue for our review, namely, whether there was sufficient evidence to support his conviction.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On the evening of October 11, 2002, Indianapolis Police Officer James Waters responded to a complaint concerning prostitution near East St. Clair Street in Indianapolis. After he arrived in the vicinity, Waters observed Edwards loitering near some closed businesses and closely watching traffic. As he drove along St. Clair in an unmarked police car, Officer Waters made eye contact with Edwards. After Officer Waters slowed to a stop, Edwards approached the car and asked if Waters was a police officer. Waters said that he was not a police officer and told Edwards that he was looking for some fun. Edwards then stated that he needed a ride to Mitthoeffer Road and that someone who "wasn't going to give someone a ride ... wasn't really looking for any fun." Next, Officer Waters clarified that he was looking for "head," which is street terminology for fellatio. At that point, Edwards got into the officer's car and agreed to give Waters "head" in exchange for a ride to Mitthoeffer Road. Officer Waters then called for backup and placed Edwards under arrest.

The State charged Edwards with prostitution. Following a bench trial, the court found him guilty and sentenced him to probation. Edwards now appeals.

### DISCUSSION AND DECISION

Edwards contends that the evidence is insufficient to support his conviction. Specifically, Edwards asserts that there is no evidence that he agreed to perform deviate sexual conduct in return for money or other property because a car ride is not "property" under the prostitution statute. The State responds that it proved the "money or other property" element of prostitution beyond a reasonable doubt because Indiana's criminal code defines "property" to include services. We agree with the State.

In reviewing a sufficiency of evidence claim, we do not reweigh the evidence or assess the credibility of witnesses. *Ferrell v. State*, 746 N.E.2d 48, 50 (Ind.2001). Rather, we look to the evidence and the reasonable inferences drawn therefrom that support the judgment and will affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

A person commits prostitution if he performs or agrees to perform sexual intercourse or deviate sexual conduct for money or other property. Ind.Code § 35–45–4–2.[1] Because the prostitution statute does not define the term "property," Edwards asserts that we must apply the plain, ordinary definition of that word. Specifically,

---

1. "Deviate sexual conduct" is defined in relevant part as an act involving the sex organ of one person and the mouth or anus of another person. Ind.Code § 35–41–1–9. Edwards does not challenge the sufficiency of the evidence on that element of prostitution.

he directs us to a dictionary definition which defines "property" as "something owned or possessed." And because a car ride across town is not something one can own or possess and is intangible, Edwards claims that the State failed to meet its burden of proving that he agreed to perform deviate sexual conduct *for property.*

As the State points out, although the prostitution statute does not define "property," Indiana Code Section 35–41–1–23, which falls under the definitions chapter of Title 35, Article 41, provides in relevant part:

> (a) "Property" means anything of value. The term includes:

> &#42; &#42; &#42;

> ■ (2) real property, personal property, money, labor, and *services;*

> (3) *intangibles* [.]

(Emphases added). In *Moser v. State,* 433 N.E.2d 68, 70–71 (Ind.Ct.App.1982), this court applied that general statutory definition of property where a defendant was charged with criminal conversion for obtaining cable television without paying for the service. In that case, the defendant argued that the signal provided by the cable company was a service and therefore not "property" under the conversion statute. We disagreed. Like the prostitution statute in this case, the conversion statute did not define "property." Although we noted that "property" has been defined differently in other areas of the law, we stated that, "[p]roperty in the criminal sense is ... anything of value; and includes ... personal property, money, labor, and services." *Id.* at 70–71 (quoting former version of I.C. § 35–41–1–23). We therefore concluded that cable service is "property" for purposes of the conversion statute.

As in *Moser,* we conclude that the general definition of property set out in Indiana Code Section 35–41–1–23 applies here. Under that definition, "property" includes services and intangibles. Thus, we hold that Officer Waters' testimony that Edwards had agreed to perform deviate sexual conduct in exchange for a service, namely, a ride across town, is sufficient evidence to sustain Edwards' prostitution conviction.

Affirmed.

BAKER, J., and MAY, J., concur.