# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2015, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Ernest P. Galos
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Tony Frary,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 30, 2015

Court of Appeals Case No.
71A03-1406-CR-213

Appeal from the St. Joseph Superior Court
The Honorable Elizabeth C. Hurley, Judge
Cause No. 71D08-1306-FD-526

---

**Mathias, Judge.**

[1] Tony Frary ("Frary") appeals his conviction for Class D felony domestic battery. Frary presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. Specifically, Frary

contends that his conviction cannot stand because the victim's testimony was incredibly dubious.

We affirm.

# Facts and Procedural History

On June 10, 2013, Amanda Cool ("Cool"), who was seven months pregnant, arrived at the home she shared with her then-boyfriend, Frary. Cool and her two-year-old son, A.F., had spent the afternoon at Frary's mother's house. When Cool pulled into her home's driveway, Frary ran out of the back door of the house and over to Cool's van. He opened the van's driver's side door and punched Cool at least five times on the left side of her head. A.F., who was in his car seat in the back passenger side seat of the van, "was wide awake watching the whole thing." Tr. p. 27.

Cool was eventually able to exit the van and took A.F. inside the house, where she fed him then put him in his bedroom. She then began to pack an overnight bag and told Frary that she was going to stay with Frary's mother. Frary ran outside and attempted to let the air out of the tires on Cool's van to keep her from leaving. Cool ran across the street to the home of her neighbor, Diana Landry ("Landry"). Landry called 911. By the time police officers arrived, however, Cool and Frary were walking together down the street in their neighborhood, pushing A.F. in a stroller. After Cool described to them what had happened, the officers arrested Frary.

[5] The State charged Frary with Class D felony domestic battery committed in the presence of a child on June 17, 2013. Frary entered a plea of not guilty. Two weeks after the incident, on June 24, 2013, Cool submitted a notarized statement to the court and to the prosecutor's office indicating that, in fact, Frary had not physically abused her on June 10 and that only a verbal argument occurred between them, caused by her consumption of alcohol that afternoon. She also stated that she was "made to feel pressured by the prosecution and law enforcement when questioned after the alleged incident." Appellant's App. p. 181. At a deposition on July 12, 2013, Cool testified that the facts alleged in the State's charges were false and that the prosecution had pressured her to make the accusations against Frary. She made similar statements at a hearing on the no-contact order between Frary and Cool.[1]

[6] A jury trial was held from April 22 to April 23, 2014. At trial, Cool stated that she had lied when she recanted her accusations of Frary. She described being punched several times by Frary on June 10, 2013, with two-year-old A.F. sitting behind her in her van's back seat. The jury found Frary to be guilty as charged. On May 21, 2014, the trial court sentenced Frary to three years executed in the Department of Correction.

[7] Frary now appeals.

---

[1] After the hearing, the trial court terminated the no-contact order.

# Discussion and Decision

[8] Frary argues that the State failed to present evidence sufficient to support his conviction for Class D felony battery committed in the presence of a child less than sixteen years of age. In reviewing Frary's claim, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N .E.2d 124, 126 (Ind. 2005). Thus, we will neither reweigh the evidence nor judge the credibility of witnesses. Id. We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

[9] Indiana Code section 35-42-2-1.3 provides, in relevant part:

> (a) A person who knowingly or intentionally touches an individual who:
>
> > (1) is or was a spouse of the other person . . .in a rude, insolent, or angry manner that results in bodily injury to  the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.
>
> (b) However, the offense under subsection (a) is a Class D felony if the person who committed the offense . . .
>
> > (2) committed the offense in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense.

[10] Frary argues that the State did not present sufficient evidence that he committed domestic battery because Cool's testimony was incredibly dubious and inherently improbable due to inconsistencies. Specifically, Frary notes that

Cool's testimony that she spent nearly three hours at Frary's mother's house contradicted Frary's mother's testimony that Cool was only at her house for a few minutes; that Cool's testimony contradicted her pre-trial behavior and statements she had made prior to trial in a notarized statement, in a deposition, and in a hearing on the no-contact order; and that Cool's testimony that Frary's attorney pressured her to testify falsely at her deposition was inherently improbable.

[11] Under the "incredible dubiosity rule," this court may impinge upon the jury's responsibility to judge the credibility of witnesses when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony. *Lawson v. State*, 966 N.E.2d 1273, 1281 (Ind. Ct. App. 2012). If a sole witness presents inherently improbable testimony and a complete lack of circumstantial evidence exists, a defendant's conviction may be reversed. *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). Application of this rule is rare, though, and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Morell v. State*, 933 N.E.2d 484, 492 (Ind. Ct. App. 2010). This incredibly dubiosity rule applies only when a witness contradicts himself or herself in a single statement or while testifying, and does not apply to conflicts between multiple statements. *Glenn v. State*, 884 N.E.2d 347, 356 (Ind. Ct. App. 2008), *trans. denied*. Inconsistencies in the testimonies of two or more witnesses go to the weight of the evidence and do not make the evidence "incredible" as a matter of law. *Morell*, 933 N.E.2d at 492-93.

[12] In light of this standard, all of Frary's arguments fail. He requests us to reweigh inconsistencies between witness testimony and prior statements or between the testimonies of multiple witnesses, which we may not do under the "incredible dubiosity rule." *See Glenn*, 884 N.E.2d at 356. Cool's account of the events of the afternoon of June 10, 2013, differed from Frary's mother's account, but inconsistencies between two witnesses' testimonies do not make the evidence "incredible." *See Morell*, 933 N.E.2d at 492-93. Even if Cool's testimony that attorney Zappia pressured her into lying at her deposition was incredibly dubious, her other testimony provided sufficient evidence to support Frary's conviction. We further note that we do not find it inherently improbable that a domestic violence victim would recant both her accusation and her denial of her accusation. *See Otte v. State*, 967 N.E.2d 540, 547-48 (Ind. Ct. App. 2012); *Odom v. State*, 711 N.E.2d 71, 74 (Ind. Ct. App. 1999).

[13] As to Cool's pre-trial statements that she fabricated her accusations against Frary, we have previously observed that inconsistencies between a witness's pretrial statement and her trial testimony do not make the testimony incredibly dubious. *See Corbett v. State*, 764 N.E.2d 622, 626 (Ind. 2002); *see also Holeton v. State*, 853 N.E.2d 539 (Ind. Ct. App. 2006) (discrepancies between a witness's trial testimony and earlier statements made to police and in depositions do not render such testimony incredibly dubious).

[14] "It is for the trier of fact to resolve conflicts in the evidence and to decide which witnesses to believe or disbelieve." *Ferrell v. State*, 746 N.E.2d 48, 51 (Ind. 2001). "If the testimony believed by the trier of fact is enough to support the

verdict, then the reviewing court will not disturb it." *Id.* At trial, Cool stated that she lied in her notarized statement and at her deposition. Cool's neighbor, Landry, testified that she observed an area near Cool's left ear that was "slightly red." Tr. p. 134. Also, Cool testified that A.F. was in his car seat in the back of her van and watched as Frary punched Cool repeatedly on the side of her head. Under these facts and circumstances, Frary has not demonstrated that Cool's testimony is inherently improbable testimony or equivocal, wholly uncorroborated testimony that is incredibly dubious.

[15] Simply, the jury believed Cool's testimony, that testimony was sufficient to support the guilty verdict, and we decline to impinge on the jury's credibility determinations. Because Frary has failed to show that Cool's testimony was so inherently improbable that no reasonable trier of fact could believe it, and because probative evidence from which the jury could have found Frary guilty beyond a reasonable doubt of Class D felony domestic battery exists, we affirm Frary's conviction.

[16] Affirmed.

Najam, J., and Bradford, J. concur.