## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 26 2018, 6:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth A. Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Teresa Ortiz,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 26, 2018<br><br>Court of Appeals Case No.<br>18A-CR-63<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Annie Christ, Judge<br><br>The Honorable Travis G. Sandifur, Commissioner<br><br>Trial Court Cause No.<br>49G24-1608-F6-30019 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Teresa Ortiz (Ortiz), appeals her conviction for battery, a Class A misdemeanor, Ind. Code § 35-42-2-1(b)(1).

We affirm.

# ISSUE

Ortiz raises one issue, which we restate as: Whether the evidence was sufficient to sustain her conviction for battery and rebut her claim of self-defense.

# FACTS AND PROCEDURAL HISTORY

On May 29, 2015, Margaret Davis (Davis) contacted Ortiz to set up an appointment to get her hair done. During the phone call, they agreed on a price of $50. Davis and Ortiz had been friends for the past twenty-three years and Ortiz had done Davis' hair several times before. While Ortiz was fixing Davis' hair, Ortiz was talking on the phone with another individual about how if Davis had gone to a salon she would be charged almost $200. Davis felt that "the mood had changed." (Transcript p. 23). Eventually, another person came to Ortiz' apartment to get her eyebrows arched. When the other individual arrived, Ortiz stopped working on Davis' hair after putting product in her hair that needed to sit for the hair to straighten.

While Davis was waiting for Ortiz to finish arching the other woman's eyebrows, she felt her scalp starting to burn and tingle. Davis let Ortiz know "that the perm was starting to burn [and it was] probably time to [] rise [sic] the

relaxer out." (Tr. p. 27). Ortiz continued to talk with the other individual and when she finally came over, she "was still kind of upset, talking about the price." (Tr. p. 27). After Ortiz rinsed the perm product out of Davis' hair, Davis could "tell that [her hair] was over-processed;" instead of being silky, her hair felt brittle. (Tr. p. 27). "Just to appease" Ortiz, Davis decided to "pay her half her money" for the work Ortiz had already done. (Tr. p. 28). Davis gathered her "black bag" in which she "had [her] hair" extensions and told Ortiz that she was going to get money and would be right back. (Tr. p. 29). About a second or two later, Ortiz started to follow Davis. When they reached the parking lot, Ortiz snatched the hair extensions out of Davis' bag and said, "Naw, I'm a take this until you come back." (Tr. p. 30). However, Davis attempted to grab her hair extensions back from Ortiz and Ortiz hit Davis "in the middle of [her] forehead," and hit her "several times" with Ortiz' phone. (Tr. p. 33). "[O]ne thang [sic] lead to another. It was just one big altercation." (Tr. p. 33). Davis tried to defend herself. Eventually, Ortiz' sons separated the two women and when Davis arrived home, she reported the incident to the police.

[6] On August 5, 2016, the State filed an Information, charging Ortiz with battery as a Level 6 felony. On September 12, 2017, a jury trial was conducted. During trial, Ortiz testified that Davis started to dispute the price for the hair appointment and refused to pay her anything at all. When Davis gathered her bag and walked to the parking lot, Ortiz took the hair from Davis' bag to keep it until Davis paid her. Davis grabbed "the hair, bent [Ortiz'] finger and broke it

trying to take the hair out of [Ortiz'] hand." (Tr. p. 87). Ortiz told the jury that Davis had her "pinned to the wall and [Ortiz] hit her with the phone to get Davis off her because [] she was smashing the breath out of" Ortiz. (Tr. p. 87). At the close of the evidence, the jury returned a guilty verdict. On December 14, 2017, the trial court held a sentencing hearing, at which time the trial court entered judgment of conviction for battery as a Class A misdemeanor and sentenced Ortiz to four days in the Marion County Jail.

[7] Ortiz now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[8] Ortiz contends that the State failed to present sufficient evidence to sustain her conviction and to rebut her claim of self-defense. When a defendant challenges the State's sufficiency of the evidence to rebut a claim of self-defense, the standard of review remains the same as for any sufficiency of the evidence claim. *Miller v. State*, 720 N.E.2d 696, 699 (Ind. 1999). When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh the evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1005, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.* The evidence need not be so overwhelming as to overcome every reasonable hypothesis of innocence. *Drane*

*v. Scott*, 867 N.E.2d 144, 147 (Ind. 2007). The jury, as the trier of fact, is entitled to determine which version of the incident to credit and is the sole judge of the effect that any discrepancies or contradictions might have on the outcome of the case. *Scott v. State*, 867 N.E.2d 690, 695 (Ind. Ct. App. 2007), *trans. denied*; *Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002).

[9] To convict Ortiz of battery as a Class A misdemeanor, the State was required to establish beyond a reasonable doubt that Ortiz knowingly or intentionally touched Davis in a rude, insolent, or angry manner and that such touching resulted in bodily injury. *See* I.C. § 35-42-2-1(b)(1). Ortiz does not argue that the State failed to prove any of the requisite statutory elements of the battery charge; rather, she contends that the State failed to disprove her claim of self-defense.

[10] Self-defense is a legal justification for what would otherwise be a criminal act. *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011), *trans. denied*. To prevail on a claim of self-defense, Ortiz must present evidence that she: (1) was in a place she had a right to be, (2) did not provoke, instigate, or participate willingly in the violence, and (3) had a reasonable fear of death or great bodily harm." *Id*. When a defendant claims he or she acted in self-defense, the State has the burden to disprove at least one of these elements beyond a reasonable doubt. *See id*. The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. *See Miller*, 720 N.E.2d at 700.

In support of her argument, Ortiz relies on her own testimony which hinges on whether Davis had a motive to lie and thus should not be found credible by the jury. However, the situation before us presents a classic 'he said – she said' scenario in which we only have two witnesses—Ortiz and Davis—who describe two completely different events. Both Davis and Ortiz testified and the jury heard each woman's narrative of the altercation. Based on this evidence, the jury choose to believe one over the other. "It is for the trier of fact to resolve conflicts in the evidence and to decide which witnesses to believe or disbelieve." *Ferrell v. State*, 746 N.E.2d 48, 51 (Ind. 2001). By finding Ortiz guilty after hearing all the evidence and having been instructed on self-defense, the jury clearly rejected Ortiz' version and credited Davis'. We decline to disturb the jury's verdict.

# CONCLUSION

Based on the foregoing, we hold that the State presented sufficient evidence beyond a reasonable doubt to support Ortiz' conviction and to rebut her claim of self-defense.

Affirmed.

May, J. and Mathias, J. concur